UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL T BONOME,

Plaintiff,

v.

THE BONOME LIVING TRUST, et al.,

Defendants.

Case No. 3:25-cv-06117-TMC

ORDER TO AMEND COMPLAINT OR
COMPLAINT WILL BE DISMISSED
UNDER 28 U.S.C. § 1915(E)(2)(B)

This matter is before the Court at the recommendation of Magistrate Judge Grady J. Leupold in his Order Granting Motion for Leave to Proceed In Forma Pauperis. Dkt. 2. On December 12, 2025, Plaintiff Michael T. Bonome filed his complaint against Defendants, and moved for leave to proceed *in forma pauperis* ("IFP"). Dkt. 1. Judge Leupold granted Mr. Bonome's application to proceed IFP but recommended review of the complaint because "it does not appear Plaintiff has adequately stated a claim." Dkt. 2 at 1. Having reviewed Mr. Bonome's complaint, the Court finds that the complaint does not identify any basis for federal jurisdiction. Mr. Bonome is ordered to file a proposed amended complaint by February 17, 2026. If he fails to do so, the Court will dismiss his case without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 1

## I.    LEGAL STANDARD

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim).

A pro se plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

## II.    REVIEW OF THE COMPLAINT

On December 12, 2025, Mr. Bonome filed a sealed complaint naming the Bonome Living Trust (the "Trust"), Patricia Bonome, and Gail Bonome as defendants. Dkt. 1-3. Mr. Bonome later filed a public, redacted version of the complaint on January 6, 2026. Dkt. 4.

ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 2

Mr. Bonome's claims concern the estates of his father, Gregory Bonome, and grandfather, Harry Bonome, who passed away in 1985 and 1991, respectively. *Id*. at 4–6. Mr. Bonome alleges that Defendants—Gregory Bonome's sisters and the trustees to the Trust— "conspired to fraud and falsely claim the Estate of Gregory Bonome insolvent, usurping the contents of it, and deceiving county officials into viewing the Gregory Estate & Trust as contents of the Harry Bonome Estate." *Id*. at 6. According to Mr. Bonome, Defendants "concealed the fact that Gregory Bonome had a Will/Testamentary Trust" from which Mr. Bonome and his sister would take when the oldest of the two turned 21. *Id*. at 5–7.[1] Although Mr. Bonome turned 21 in 1999, the Defendants did not distribute any assets to Mr. Bonome or his sister. *Id*. at 8. Instead, Mr. Bonome learned in 2018 that his father had a will in Clackamas County "which had never been disclosed" to Mr. Bonome or his sister. *Id*. at 9.

Mr. Bonome notes that he has a pending claim in Clackamas County, Oregon regarding these matters. *Id*. at 11, 30–33. He appears to seek relief from this Court while he waits for his Oregon state case to resolve. *See id*. at 9 ("Beneficiaries still are confused why the accused have not been arrested for there being beyond a preponderance of evidence of fraud and the continued acts of fraud while evidence [and] claims have been presented in court. Beneficiaries could only assume that the [Clackamas County] court was complicit in this matter [and that] is another purpose for this conjunction to a federal court.").

### III.    DISCUSSION

District courts must establish that they have subject matter jurisdiction to hear a case. *See United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966–67 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties'

---

[1] It is unclear whether this is the same as the Trust that is a defendant in this action.

ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 3

arguments" and it has an obligation to establish subject matter jurisdiction "*sua sponte*, whether the parties raised the issue or not"). "[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party may claim that a federal court has subject matter jurisdiction based on either diversity or a federal question. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

For diversity jurisdiction, the plaintiff must allege that the parties are completely diverse (typically meaning the plaintiffs and defendants are citizens of different states) and that the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(c); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

For federal question jurisdiction, the question turns on whether the complaint contained a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction arises only if the complaint "affirmatively allege[s] a federal claim." *Retail Prop. Tr. v. United Broth. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

Mr. Bonome's complaint (Dkt. 4) does not identify a basis for the Court to have jurisdiction. For example, Mr. Bonome alleges that both he and one of the defendants—Patricia Bonome—reside in Washington, defeating diversity jurisdiction. Dkt. 4 at 4–5. "[A]s a general rule, if one or more plaintiffs are citizens of the same state as one or more defendants, federal diversity jurisdiction is absent." *Armintrout v. Chicago Title Ins. Co.*, No. 2:22-CV-00627-LK, 2022 WL 17251331, at *2 (W.D. Wash. Nov. 28, 2022) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n.3 (1996)). Nor does Mr. Bonome allege a claim under federal law. *See* Dkt. 34 at 1 (alleging violations of Oregon state law).

ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 4

Further, Mr. Bonome asserts that he has a pending case alleging similar claims in Clackamas County Circuit Court in Oregon. *Id*. at 8–9, 14.[2] He appears to request that this Court either intervene to grant relief while the state court matter is still pending, or rule differently than the state court on issues that have already been decided. *See id*. at 9, 14 ("claiming the state court "was complicit in this matter" and "has allowed defendants to skate by any accountability for their crimes."). Either is grounds for dismissal under § 1915.

First, Mr. Bonome "may not litigate the same claims against the same parties in two different courts." *See Heilman v. Whitten*, No. 215CV1585MCECKDP, 2017 WL 2633385, at *2 (E.D. Cal. June 19, 2017) (dismissing federal claims under § 1915 because they were duplicative of a state court suit). Second, under the doctrine set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (the "*Rooker-Feldman* doctrine"), federal district courts, as courts of original jurisdiction, lack subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker*, 263 U.S. at 416 ("The jurisdiction possessed by the District Courts is strictly original."); *Feldman*, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

However, Mr. Bonome may be able to remedy these issues by submitting an amended complaint. Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

---

[2] The case appears to have been brought by Mr. Bonome's sister, Crystal Bonome, against Dolores and Patricia Bonome. Case No. 19PB05638.

ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 5

## IV.    CONCLUSION

The Court thus ORDERS Mr. Bonome to file a proposed amended complaint by February 17, 2026. If Mr. Bonome fails to do so, or if the proposed complaint still fails to contain a basis for the Court's jurisdiction, the Court will dismiss the complaint without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 27th day of January, 2026.

_____
Tiffany M. Cartwright
United States District Judge

ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 6